**Wesley VINSON, Plaintiff–Appellant,**

**v.**

**State of OHIO, et al., Defendants– Appellees.**

**No. 01–3398.**

United States Court of Appeals, Sixth Circuit.

March 22, 2002.

Before SILER and GILMAN, Circuit Judges; HEYBURN, District Judge.*

### ORDER

Wesley Vinson appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Vinson filed his complaint in the district court alleging that he was extradited from Ohio to Texas without the procedural protections to which he was entitled under the Uniform Criminal Extradition Act. Plaintiff named as defendants the State of Ohio, the Butler County, Ohio Sheriff, and two local officers employed at the Butler Coun-

---

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

ty Jail. Plaintiff sought $250,000 in damages. After the Butler County Sheriff filed an answer, the district court dismissed plaintiff's complaint sua sponte for failure to state a claim upon which relief can be granted. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff reiterates his contention that his civil rights were violated in his extradition. The defendant sheriff responds that the district court properly dismissed plaintiff's complaint. Upon de novo review, *see White v. McGinnis*, 131 F.3d 593, 595 (6th Cir.1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), we affirm the judgment for the reasons stated by the district court in its order filed March 9, 2001.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.